## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JONATHAN OTUMOR<br>9792 MOUNTAIN LAUREL WAY, APT 3C<br>LAUREL, MD 20723<br><br>    PLAINTIFF,<br><br>V.<br><br>ANGEL LOVING CARE 1, INC.<br>D/B/A ANGEL LOVING CARE<br>7375 EXECUTIVE PL<br>LANHAM, MD 20706<br><br>    Serve: FATIATU JOBI<br>        7375 EXECUTIVE PLACE, SUITE 401<br>        LANHAM, MD 20706<br><br>FATIATU JOBI<br>5502 75TH AVE<br>LANHAM, MD 20706<br><br>    DEFENDANTS. | *<br>*<br>*<br>*<br>*<br>*<br>*  Case No.: 1:21-CV-1801<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

***********************************************************************

## COMPLAINT

Plaintiff Jonathan Otumor ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Angel Loving Care 1, Inc. d/b/a Angel Loving Care ("Angel Loving Care") and Fatiatu Jobi (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001, *et seq.* ("DCMWA"), the D.C. Living Wage Act, D.C. Code §§ 2-220.01, *et seq.* (DCLWA), and the D.C. Wage Payment and Collection Law, D.C. Code § 32-1301, *et seq.*, ("DCWPCL") as set forth below.

### PARTIES AND JURISDICTION

1.      Jonathan Otumor is an adult resident of the state of Maryland. By participating as

the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the FLSA.

2. Angel Loving Care is a Maryland corporation doing business in the District of Columbia. Angel Loving Care contracts with, or is a subcontractor for an entity that contracts with, the District of Columbia to provide this case.

3. Defendants Fatiatu Jobi is an adult resident of the state of Maryland that owns and operates Angel Loving Care.

4. Defendants employed Plaintiff to work at Angel Loving Care as a Direct Support Professional.

5. Jonthan Otumor performed all, or virtually all, of his work in the District of Columbia.

6. At all times during material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in the amount exceeding $500,000.00 and thus, Defendants qualified as an "enterprise' within the meaning of § 3 (r) of the FLSA (29 U.S.C. § 203(r)).

7. At all times during Plaintiff's employment, Plaintiff was an employment who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely food products and other related item) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

8. At all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCMWA, and the DCWPCL.

9. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29

2

U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

10. Jonathan Otumor worked for Defendants from roughly October 2019 until March 2020.

11. Defendants paid Mr. Otumor an hourly rate of $14.50 during his entire employment period.

12. Plaintiff worked an average of roughly sixty-four (64) hours per week.

13. Defendants failed to pay Plaintiff at one-and-one-half times (1.5x) his hourly rate for hours worked over forty (40).

14. Defendants failed and refused to pay Plaintiff for several weeks that he worked for Defendants. Defendants failed to pay Mr. Otumor for roughly 138 hours that he worked.

15. From roughly January 1, 2020 until February 28, 2020, Defendants paid Plaintiff a "regular rate" that fell below the D.C. Living Wage Act.

16. Fatiatu Jobi owned and operated Angel Loving Care throughout Plaintiff's employment. Throughout Plaintiff's employment, Fatiatu Jobi:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b. Had the power to supervise Plaintiff's work duties to ensure his work was of sufficient quality;

   c. Set and controlled Plaintiff's work schedule or had the power to set and control Plaintiff's work schedule;

   d. Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

3

  e. Controlled, and was in charge of, Angel Loving Care's day-to-day operations.

17. Mr. Otumor worked more than 40 hours per week for Defendants. Defendants failed to pay him at one-and-one-half times (1.5x) his regular rates for hours he worked over forty (40) each week.

18. Plaintiff's primary work duties did not qualify for any exemption under the FLSA, DCMWA, DCLWA, and DCWPLC.

19. Defendants' failure and refusal to pay Plaintiff the wage he rightfully earned as required by the FLSA, DCMWA, DCLWA, and DCWPCL, including overtime at one-and-one-half times (1.5x) his regular rate, was willful and intentional, and was not in good faith.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

20. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

21. The FLSA mandates that an employer must pay its employees overtime wages in the amount of one-and-one-half times (1.5x) the employees' regular rates of pay for all hours worked each week in excess of forty (40) ("overtime hours").

22. At all times, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants was Plaintiff's "employers" under § 207(a)(2) of the FLSA.

23. Defendants, as Plaintiff's employers, was obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate for all overtime hours Plaintiff worked.

24. As set forth above, Defendants had knowledge and suffered or permitted Mr.

Otumor to work overtime hours throughout his employment.

25. As set forth above, Defendants failed and refused to pay Mr. Otumor one-and-one-half times (1.5x) his regular rate for all overtime hours he worked.

26. Defendants' failure and refusal to pay Mr. Otumor as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

27. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

28. At all times pertinent to the allegations herein, Plaintiff was Defendants' "employee," and Defendants was Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

29. Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) Plaintiff's regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

30. As set forth above, Defendants had knowledge and suffered or permitted Mr. Otumor to work many overtime hours each week during his employment.

31. As set forth above, Defendants failed and refused to pay Mr. Otumor time-and-one-half (1.5x) his regular rate for all the overtime hours worked.

32. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work the regular and overtime hours for which Plaintiffs were not compensated.

33. Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of the D.C. Living Wage Act
### (Unpaid Wages)

34. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

35. At all times pertinent to the allegations herein, Defendants were recipients of contracts or government assistance or were subcontractors of recipients of these contracts within the meaning of D.C. Code § 2-220.03.

36. At all times pertinent to the allegations herein, Plaintiff was an "affiliated employee" within the meaning of D.C. Code § 2-220.03.

37. As an affiliated employee, Defendants were obligated to compensate Plaintiff at the D.C. Living Wage. Effective January 1, 2020, until June 30, 2020, the living wage rate was $14.65 per hour. During this time, Defendants paid Plaintiff an hourly rate of $14.50.

38. Defendants' failure and refusal to pay Plaintiff as required by the DCLWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count III, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and

further relief this Court deems appropriate.

## COUNT IV
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

39. Plaintiff re-alleges and re-asserts each and every allegation set forth above as if each were set forth herein.

40. Plaintiff was an "employee" and Defendants were Plaintiff's "employers" within the meaning of the DCWPCL.

41. Under the DCWPCL, Defendants were obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

42. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

43. Plaintiff performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiff all wages earned and required by Federal and District of Columbia law.

44. Defendants owe Plaintiff wages for work duties performed as set forth above.

45. Defendants' failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPCL.

46. Defendants' failure to pay Plaintiff all wages earned, owed, and required by the DCWPCL was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendants, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count IV, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Michael K. Amster, Esq.
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*